**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John H. Lindauer, et al., | No. CV-17-01285-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| U.S. Bank NA, et al., | |
| Defendants. | |

Plaintiff is John H Lindauer, Trustee of The Jacqueline S. Lindauer Trust. Defendants are the U.S. Bank National Association, Trustee for Pass Through Certificates, Series 2007-2 ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen"). Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, Motion to Transfer to the District of Maryland. (Doc. 9.) The motion is fully briefed and neither party requested oral argument. For the following reasons, Defendant's motion is granted in part and this matter is transferred to the District of Maryland.

**I. Background**

This case presents a dispute over the impending foreclosure of a residential property owned by non-party Susan Lindauer and located in Maryland ("the Property"). Lindauer purchased the Property in 2001 and later received two loans from Plaintiff, one for $65,000 and another for $10,000, both of which were secured by deeds of trust

encumbering the Property.[1] (Doc. 8 ¶¶ 7, 9-10.) The deeds of trust were recorded in the land records of Montgomery County, Maryland. (¶ 10.)

In 2007, Lindauer refinanced her home through American Heritage, which established a refinance loan escrow with Ecom Title Agency ("Ecom"). (¶ 11.) Ecom contacted Plaintiff and explained that, as part of the refinancing process, his liens on the Property would be paid off and released so that American Heritage could be the first lienholder on the Property. (¶ 12.) Ecom told Plaintiff that he would receive in the mail documents necessary to release the deeds of trust, and that he should execute those documents and send them back to Ecom along with payoff amount for each of the loans. (¶¶ 14-16.) Plaintiff claims that he signed documents releasing the deeds of trust in February 2007 and returned them to Ecom along with the requested payoff information, but never received payments satisfying either loan. (¶¶ 18, 23.) Ecom nonetheless recorded the deed of trust releases signed by Plaintiff in the Montgomery County land records shortly after the close of refinancing escrow. (¶ 19.)

After Lindauer defaulted on her refinanced mortgage, U.S. Bank, which is alleged to be the holder of the American Heritage note and deed of trust, obtained a money judgment and an order authorizing foreclosure of the Property. (¶ 25.) Although Plaintiff's complaint fails to specify the nature of his claim against Defendants, he complains that U.S. Bank did not name him as a defendant in the foreclosure case. (¶ 26.) Plaintiff claims that the deeds of trust securing the loans he made to Lindauer remain valid liens on the Property and are superior to the deed of trust securing the refinance loan. (*Id.*)

---

[1] The complaint is unclear as to whether these loans were made by Plaintiff, personally, or by the Jacqueline S. Lindauer Trust. Notably, however, Plaintiff is named not in his personal capacity but rather in his capacity as trustee. Plaintiff also is proceeding pro se, and there is no indication that he is a licensed attorney. Generally, a non-attorney trustee cannot represent a trust pro se in federal court. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987). Neither party addresses this issue in their briefs. Because the Court finds, for reasons explained later in this order, that this district is not a proper venue for this dispute, the Court will leave it to the transferee court to determine whether Plaintiff may prosecute these claims on behalf of the trust.

Defendants have moved to dismiss Plaintiff's complaint or, in the alternative, to transfer this case to the district of Maryland. (Doc. 9.) Defendants argue that Plaintiff's complaint should be dismissed because it was filed in an improper venue, Plaintiff's claims are barred by the statute of limitations, and Plaintiff failed to join a necessary party (Ecom). In the alternative, Defendant argues that this matter should be transferred to the District of Maryland because it arises solely out of a dispute involving real property located in Maryland.

**II. Legal Standard**

A district court must dismiss or transfer a case that is brought in the wrong district. 28 U.S.C. § 1406(a). Pursuant to 28 U.S.C. § 1391(b):

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

**III. Discussion**

Defendants do not reside in Arizona. U.S. Bank is a Delaware corporation with its principal place of business in Minnesota. Ocwen is a Delaware limited liability company with its principal place of business in Florida. There is no evidence that Defendants have sufficient minimum contacts with the state of Arizona to subject them to personal jurisdiction here. Plaintiff seems to concede as much, alleging only that venue is proper because, in his view, a substantial part of the events giving rise to his claims occurred, or

a substantial part of the property subject to this action is situated, in Arizona. But even this is not so. The Property is located in Maryland, not in Arizona. The foreclosure action was initiated in Maryland, not Arizona. The substantial and material events surrounding the dispute concern the state of Maryland. Further, Plaintiff's requested relief is a declaration that his notes and deeds of trust are valid, which necessarily implicates the Property in Maryland. The Court therefore finds that Arizona is in improper venue.[2]

When an action is brought in the wrong venue, Section 1406(a) gives the Court discretion either to dismiss or to transfer to an appropriate venue. Under the circumstances, and in the interests of justice, the Court elects the latter.[3] Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, Motion to Transfer to the District of Maryland (Doc. 9) is **GRANTED IN PART** as explained herein. This matter is hereby transferred to the District of Maryland.

Dated this 17th day of November, 2017.

Douglas L. Rayes
United States District Judge

---

[2] For substantially these same reasons, the Court would also find that Maryland, rather than Arizona, is the most convenient forum under 28 U.S.C. § 1404(a).

[3] Because the Court finds that this district is an improper venue and has elected to transfer this matter to the District of Maryland, it declines to address Defendants' alternative arguments for dismissal. Those arguments are better resolved by a court sitting in the appropriate venue.